SLIP OP 13 - 35

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| CHEMSOL, LLC,<br><br>              Plaintiff,<br><br>              v.<br><br>UNITED STATES,<br><br>              Defendant. | Before: Donald C. Pogue,<br>       Chief Judge<br><br>Court No. 11-00516 |
| MC INTERNATIONAL, LLC,<br><br>              Plaintiff,<br><br>              v.<br><br>UNITED STATES,<br><br>              Defendant. | Court No. 11-00517 |

<u>**OPINION**</u>

[Defendant's motion to dismiss is GRANTED.]

Dated: March 20, 2013

    <u>George W. Thompson</u>, and <u>Russell A. Semmel</u>, Neville Peterson LLP, of New York, NY, for the Plaintiffs.

    <u>Justin R. Miller</u>, <u>Michael Panzera</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for the Defendant. With him on the briefs were <u>Stuart F. Delery</u>, Acting Assistant Attorney General; <u>Jeanne E. Davidson</u>, Director; and <u>Reginald T. Blades, Jr.</u>, Assistant Director. Of counsel on the briefs were, <u>Yelena Slepak</u>, Office of the Assistant Chief Counsel,

International Trade Litigation, U.S. Customs and Border Protection, and <u>Michael Panzera</u>, Office of the General Counsel, United States Trade Representative.

     **Pogue, Chief Judge**:  In these actions, Plaintiffs MC International, LLC ("MCI") and Chemsol, LLC challenge the United States Customs and Border Protection's ("Customs") extension of the statutory liquidation period for their entries of citric acid.  Plaintiffs seek relief declaring the extensions unlawful such that the entries have therefore been "deemed" liquidated by operation of law.  The Defendant moves to dismiss for lack of subject matter jurisdiction under USCIT Rule 12(b)(1) or, in the alternative, for failure to state a claim under USCIT Rule 12(b)(5).  Defendant's Memorandum in Support of Its Motion to Dismiss - MCI, ECF No. 23, at 1 ("Def. Mem. Supp. Mot. Dismiss MCI"); Defendant's Memorandum in Support of Its Motion to Dismiss - Chemsol, ECF No. 23, at 1 ("Def. Mem. Supp. Mot. Dismiss Chemsol").

    Because the statutory review process for challenging liquidation of Plaintiffs' entries under sections 514 and 515 of the Tariff Act of 1930, 19 U.S.C. § 1515-16,[1] and 28 U.S.C. 1581(a), provides an adequate remedy for Plaintiffs claims, the government's motion to dismiss for lack of subject matter

---

[1] All further citations to the Tariff Act of 1930, as amended, are to Title 19 of the U.S. Code, 2006 edition.

jurisdiction is granted.

## BACKGROUND

Under 19 U.S.C. § 1504(a), Customs generally has one year within which to liquidate entries. If Customs fails to liquidate the entries during that one year period, the entries liquidate by force of law, that is, they are deemed liquidated. Entries that are deemed liquidated are assessed at the duty rates asserted by the importer of record at the time of entry. 19 U.S.C. § 1504(a). Before the one year time period elapses, however, Customs may extend the time in which it may liquidate an entry. Customs may only extend the time period for liquidating an entry three times, resulting in a total of four potential years before the entry will liquidate by operation of law. 19 U.S.C. § 1504(b);[2] 19 C.F.R. § 159.12(f).

The entries at issue in this proceeding were imported by MCI and Chemsol ("Plaintiffs"). Specifically, during 2009-2010, MCI made thirteen consumption entries consisting of citric

---

[2] In relevant part, § 1504(b) provides that "[t]he Secretary of the Treasury may extend the period in which to liquidate an entry if . . . the information needed for the proper appraisement or classification of the imported . . . merchandise, . . . or for ensuring compliance with applicable law, is not available to the Customs Service. . . ."

Court Nos. 11-00516 and 11-00517                                    Page 4

acid from India.³  During 2009, Chemsol made six consumption entries consisting of citric acid from the Dominican Republic.⁴ Id. at ¶ 19.

In 2010, U.S. Immigration and Customs Enforcement ("ICE")⁵ and Customs initiated an investigation to determine whether Chinese citric acid was being transshipped through other countries to evade antidumping and countervailing duties.  Def. Mem. Supp. Mot. Dismiss MCI at 2; Def. Mem. Supp. Mot. Dismiss Chemsol at 2.  Pursuant to this investigation, Customs issued several requests to Plaintiffs for information (RFIs) for the entries at issue and notices of action (NOAs) for certain of the entries.  MCI Compl. ¶¶ 14, 16; Chemsol Compl. ¶ 13; Def. Mem. Supp. Mot. Dismiss MCI at 2; Def. Mem. Supp. Mot. Dismiss Chemsol at 2.  Plaintiffs allege that they provided a comprehensive response to each RFI and NOA.  MCI Compl. ¶¶ 28, 33, 35, 40, 42;

---

    ³ Port of Houston entries: 231-9117008-6 ("A"), 231-9117479-9 ("B"), 231-9121489-2 ("C"), 231-9122919-7 ("D"), 231-9123057-5 ("E"), 231-9124127-5 ("F"), 231-9124712-4 ("G"), 231-9125025-0 ("H"), 231-9127234-6 ("I"), 231-9128716-1 ("J"); Port of Chicago entries: 231-9124126-7 ("K"), 231-9126354-3 ("L"); Port of Savannah entry: 231-9129043-9 ("M").

    ⁴ Port of Houston entries: 791-6466126-0 ("A"), 791-6563184-1 ("B"), 791-6628591-0 ("C"), 791-6669107-5 ("D"), 791-6720537-0 ("E"), 791-6975108-2 ("F").

    ⁵ ICE is the enforcement division of the Department of Homeland Security and is responsible for investigating, among others, alleged customs fraud.  See Pub.L. No. 107-296, § 1502, 2002 U.S.C.C.A.N. (116 Stat.) 2135, 2308, effective March 1, 2003; H.R. Rep. No. 37, 108th Cong. at 26, 1st Sess. 2003.

Chemsol Compl. ¶¶ 23, 24, 29.  Nonetheless, citing the continuing investigation, Customs extended the deadline for liquidation on Plaintiffs' entries, in some cases more than once.[6]

Faced with Customs' extensions, MCI and Chemsol commenced this suit claiming that the extensions were unlawful and void under 19 U.S.C. § 1504(b) and seeking declaratory relief stating that the entries have been deemed liquidated pursuant to 19 U.S.C. § 1504(a).  MCI Compl. ¶ 3-4; Chemsol Compl. ¶ 3-4.  Plaintiffs assert that the court has jurisdiction under 28 U.S.C. § 1581(i)(4).[7]  As noted above, the government contends that the

---

[6] Customs extended the deadline for liquidation once for all of MCI's entries, a second time for Entries A-K, and a third time for Entry A.  Def. Mem. Supp. Mot. Dismiss at "Exhibit A."  Following the second set of extensions, Customs did not issue any further RFIs or NOAs to MCI prior to extending the deadline for liquidation for Entry A the third time.  MCI Compl. ¶ 39.  With regards to Chemsol's entries, Customs extended the time frame for liquidation twice and Chemsol's Entries A and B were extended a third time.  Chemsol Compl. ¶¶ 22, 25, 28, 30.

[7] In relevant part, § 1581(i) provides that "[i]n addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for --

(1) revenue from imports or tonnage;

(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

actions should be dismissed for lack of subject matter jurisdiction or for failure to state a claim. Def. Mem. Supp. Mot. Dismiss MCI at 1; Def. Mem. Supp. Mot. Dismiss Chemsol at 1. Specifically, in its motion, Defendant claims that Plaintiffs cannot assert § 1581(i) jurisdiction but rather must wait until Customs affirmatively liquidates the entries and then file a protest and subsequently seek review of any denial of the protest pursuant to 28 U.S.C. § 1581(a) (2006).[8] Def. Mem. Supp. Mot. Dismiss MCI at 6; Def. Mem. Supp. Mot. Dismiss Chemsol at 6. Defendant additionally contends that the actions should be dismissed for failure to state a claim under USCIT Rule 12(b)(5) because affirmative liquidation is an element of a claim under 19 U.S.C. § 1514(a) and that element has not yet been satisfied. Def. Mem. Supp. Mot. Dismiss MCI at 16; Def. Mem. Supp. Mot. Dismiss Chemsol at 16.

      In the time that has elapsed since the commencement of

---

(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

(4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section. . . ."

[8] Section 1581(a) provides exclusive jurisdiction for this court to review civil actions commenced to "contest the denial of a protest" which is filed with Customs pursuant to 19 U.S.C. § 1514 and § 1515.

Case 1:11-cv-00517-DCP   Document 51   Filed 03/20/13   Page 7 of 18

Court Nos. 11-00516 and 11-00517                                    Page 7

this action, ICE has completed its investigation and, but for Plaintiffs' suit, Customs could complete its administrative process and liquidate Plaintiffs' remaining entries.  Def.'s Resp. to the Court's Feb. 28, 2013 Inquiry, ECF No. 49 at 1-2. In addition, a few of Plaintiffs' entries auto-liquidated duty free in Plaintiffs' favor and are therefore moot.  Id.

## STANDARD OF REVIEW

Plaintiffs bear the burden of establishing jurisdiction.  Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991) ("[the] party seeking the exercise of jurisdiction in its favor[,] has the burden of establishing that [ ] jurisdiction exists.") (citing KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936)).  Specifically, the party seeking jurisdiction under 1581(i) has the burden of showing that jurisdiction under any other section of 1581 is manifestly inadequate.  Am. Air Parcel Forwarding Co. v. United States, 718 F.2d 1546, 1549-51 (Fed. Cir. 1983); 5 U.S.C. § 704 ("[F]inal agency action . . . for which there is no other adequate remedy" is subject to judicial review).

Unless jurisdictional facts are in dispute, the basis of the court's determination is limited to the facts stated on the face of the complaint, documents appended to the complaint, and documents incorporated in the complaint by reference.  See

Court Nos. 11-00516 and 11-00517                                   Page 8

Asahi Seiko Co. v. United States, Slip Op. 09-131, 2009 WL 3824745 at *4 (CIT Nov. 16, 2009) (citing Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)).

When reviewing a motion to dismiss for failure to state a claim, the court "must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." Bank of Guam v. United States, 578 F.3d 1318, 1326 (Fed. Cir. 2009) (quoting Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009)).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be plausible, the complaint need not show a probability of plaintiff's success, but it must evidence more than a mere possibility of a right to relief. Id. at 678.

**DISCUSSION**

This court's jurisdiction is set forth in 28 U.S.C. §§ 1581(a)-(i). The provision under which Plaintiffs have brought their claim, § 1581(i), is considered the "residual jurisdictional provision" and while it is "broad" in scope, it is well settled that Congress did not intend for it to be used if

jurisdiction has been, is, or could be available under another sub-section of § 1581.  See Hartford Fire Ins. Co. v. United States, 544 F.3d 1289 (Fed. Cir. 2008) (citing Int'l Custom Prods. v. United States, 467 F.3d 1324, 1327 (Fed. Cir. 2006)). Faced with the availability of the review process specified in Sections 1581(a)-(h), the party seeking judicial review must establish a reason to avoid use of those provisions, such as futility or the inadequacy of the available administrative remedy.  See Charles H. Koch, Jr., Admin. L. & Prac. § 12.22 (3d ed.).  As a result, to repeat, this court will not entertain a claim under § 1581(i) where "another subsection of 1581 is or could have been available, unless the other subsection is shown to be manifestly inadequate."  Hartford Fire Ins. Co. v. United States, 544 Fd.3d at 1292; Int'l Custom Prods. Inc. v. United States, 467 F.3d at 1327.

In addition, when considering whether to assert jurisdiction under § 1581(i), the Court of Appeals has instructed this Court to look to "the true nature of the action" at the outset of a proceeding in order to determine which avenue of review is appropriate.  Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006) (citation omitted).

Here, the true nature of Plaintiffs' action is a challenge to Customs' extensions of the time for liquidation. But Customs' actions, as alleged in Plaintiffs' complaints, are

well within the four-year period allowed for extensions; Customs continues to actively investigate the appropriate liquidation for the entries. Upon conclusion of that process and liquidation of the entries, the importers will have ample opportunity to raise any issues through the protest and judicial review process that culminates in § 1581(a). Section 1514(a) lists the decisions of Customs that may be the subject of protests. Included are decisions relating to "the liquidation or reliquidation of an entry." 19 U.S.C. § 1514(a)(5). It is therefore clear that the Plaintiffs' challenge to Customs' extensions of the time for liquidation may be brought, after liquidation, by filing a protest and obtaining jurisdiction in this court under Section 1581(a). <u>Hilsea Investment Ltd. v. Brown</u>, 18 CIT 1068, 1071 (1994) ("the court can review interlocutory decisions subsumed in the final determination, including those related to methodology or procedure"); 19 U.S.C. § 1514(a)(5) (permitting review of any order or finding upon challenge to liquidation); 5 U.S.C. § 704 ("A preliminary, procedural, or intermediate agency action . . . not directly reviewable is subject to review on the review of the final agency action"). Thus § 1581(a) provides a complete and adequate remedy for any challenge to Customs' extensions after liquidation is complete.

Arguing that this Court must entertain their complaint in this case under § 1581(i), Plaintiffs claim that their case is

controlled by Ford Motor Co. v. United States, 688 F.3d 1319 (Fed. Cir. 2012) ("Ford").  In Ford, the Court of Appeals for the Federal Circuit held 1581(i) jurisdiction appropriate for a deemed liquidation claim in which agency inaction was at issue. The Plaintiff had filed reconciliation entries with Customs, claiming a refund on overpayment of duties on its imports of Jaguar brand automobiles.  Customs had not liquidated Ford's entries at the time the complaint was filed in the CIT and the initial one year time period for liquidation had passed.  Ford sought a declaratory judgment that its entries were deemed liquidated by operation of law.  The CIT declined to take jurisdiction under § 1581(i), stating that the entries must be liquidated and protests filed pursuant to § 1581(a).  Ford Motor Co. v. United States, __ CIT __, __, 716 F. Supp. 2d 1302, 1311 (2010).  The Court of Appeals reversed the CIT's holding that jurisdiction was not available under § 1581(i) on the basis that § 1581(a) jurisdiction was inadequate to address Customs' failure to act.  The appeals court noted that at the time the lawsuit was initiated, none of the liquidations had yet occurred,  Ford, 688 F.3d at 1323-24, and the § 1581(a) remedy was therefore not available. Ford, 688 F.3d at 1328.

     Plaintiffs claim that Ford is controlling because the CIT acknowledged, albeit in dicta, that Customs attempted to extend the liquidation period and the CAFC did not overrule that

portion of the CIT's opinion. But this reliance is unavailing. In Ford, the true nature of the Plaintiff's claim was a challenge seeking a declaration that Customs' inaction had caused the entries to be deemed liquidated. Notably, the Plaintiff's Complaint in Ford alleges that Customs did not extend the liquidation period whereas here, both Plaintiffs acknowledge that Customs acted to extend the liquidation period. Ford Second Amend. Compl., Court No. 09-00151, ECF 19 ¶ 68; MCI Compl. ¶ 3, and Chemsol Compl. ¶ 3.

The Court of Appeals, in Ford, did not face a scenario such as that presented here, where Plaintiffs acknowledge that Customs has taken affirmative action to extend the liquidation time period. Here, Customs has not extended liquidation beyond the four-year period and then failed to respond to importer inquiries about the status of entries. Rather, Customs' act of extending the liquidation period – and the administrative protest that Plaintiffs may file once its entries have liquidated – is precisely the type of agency action that is remediable by § 1581(a). See United States v. Utex Int'l, Inc., 857 F.2d 1408, 1409-10 (Fed. Cir. 1988) ("All findings involved in a district director's decision merge in the liquidation. It is the liquidation which is final and subject to protest, not the preliminary findings or decisions of customs officers.") (internal quotation marks and citation omitted); Dal-Tile Corp.

Court Nos. 11-00516 and 11-00517                                Page 13

v. United States, 24 CIT 939, 945 n.12, 116 F. Supp. 2d 1309, 1314-15 (2000).

It is therefore apparent that this Court should not entertain Plaintiffs' complaint here under § 1581(i).  Final agency action has not occurred and the record shows that Customs' investigation continues to be active and has not lapsed into inactivity as it did in Ford.  The matter can be brought under § 1581(a) after the Plaintiffs' entries have liquidated and Plaintiff has filed an administrative protest, should it continue to feel at that point in time that it has been injured.  See Hartford Fire, 544 Fd.3d at 1292.  In this context, Plaintiffs cannot claim that the § 1581(a) remedy is manifestly inadequate as there is no meaningful assertion of harm in letting Customs process and liquidate their entries.

Plaintiffs asserted during oral arguments that Customs' demonstrated inactivity was sufficient to bring their case under § 1581(i) when it failed to request further information upon the second and third extensions.  This argument is unavailing.  The governing statute merely states that Customs "may extend the period in which to liquidate an entry if [] the information needed . . . is not available."  19 U.S.C. § 1504(b)(1).  It does not specify from whom Customs must obtain the information. Because the statute does not limit Customs' sources of information, it therefore should be construed as encompassing

Court Nos. 11-00516 and 11-00517                                          Page 14

whatever data is "reasonably necessary for proper appraisement or classification" and not limited solely to information from the Plaintiffs.  See Detroit Zoological Soc.'y v. United States, 10 CIT 133, 138, 630 F. Supp. 1350, 1356 (1986); see also, St. Paul Fire & Marine Ins. Co. v. United States, 6 F.3d 763, 768 (Fed. Cir. 1993) (Customs' decisions carry a presumption of correctness which Plaintiffs may rebut with a preponderance of the evidence).

It is also important that, here, Customs' reason for extending the liquidation period for Plaintiffs' imports is to allow ICE time to conclude its investigation of possible transshipment of goods.  To allow Plaintiffs to interrupt the administrative process currently underway by providing declarative relief would severely undermine Customs and ICE's ability to conduct meaningful investigations into possible fraudulent activity.  Therefore, the court declines to entertain Plaintiffs' case under § 1581(i) and holds that Plaintiffs must wait until Customs concludes the investigation currently underway and file a protest before refiling this case under § 1581(a). See Hartford Fire, 544 F.3d at 1292.

The court does not rely solely on the nature of Customs' investigation, but rather on Customs' broad discretion concerning whether a liquidation extension is warranted and the presumption that its decisions are proper.  St. Paul Marine & Fire Ins., 6 F.3d at 768.  At this point in the proceedings,

before discovery has taken place and, indeed, when the record is not yet fully developed because Customs has not completed its decision-making process, the court finds no basis to accept Plaintiffs' conclusory claims that Customs' extensions are invalid and an abuse of discretion.

Other decisions of this Court do not require a contrary result. In <u>Ford Motor Co. v. United States</u>, __ CIT __, 806 F. Supp. 2d 1328 (2011) ("<u>Ford II</u>"), the Court of International Trade permitted an importer to bring a deemed liquidation claim in an action for declaratory judgment under 28 U.S.C. § 1581(i). But there Customs had also lapsed into inaction and failed to affirmatively liquidate the drawback entries at issue, some of which were nearly 15 years old. The plaintiff therefore continued to face liabilities of uncertain magnitude and duration. <u>Ford II</u>, 806 F. Supp. 2d at 1334. In those circumstances, the court held that requiring the plaintiff to wait for affirmative liquidation and then protest the liquidation under 19 U.S.C. § 1514, and, if Customs denied the protest, challenge that denial under 28 U.S.C. § 1581(a), would not provide an adequate remedy. <u>Id.</u> at 1336. Clearly, <u>Ford II</u> did not involve the kind of on-going administrative dispute about extensions that is at issue here.

Similarly in <u>Fujitsu Gen. Am., Inc. v. United States</u>, 24 CIT 733, 110 F. Supp. 2d 1061 (2000), aff'd 283 F.3d 1364

(Fed. Cir. 2002), the court stated in dicta that where an importer believes its entries were deemed liquidated under § 1504(d), and Customs has not actively liquidated the entries, the importer's only remedy is to seek a declaratory judgment confirming that there was a deemed liquidation under 28 U.S.C. § 1581(i). Id. at 739, 110 F. Supp. 2d at 1069. But the court in Fujitsu was considering whether jurisdiction would be appropriate after the administrative process had been completed for entries which were initially suspended from liquidation and then liquidated over a year after the suspension was lifted in violation of the timing requirement under § 1504(d). Id. at 737-9, 110 F. Supp. 2d at 1067-68. This situation is also unlike that at issue here.

Finally, the court observes that in prior cases where the court has heard challenges to Customs' extensions of liquidation due to ongoing fraud investigations, it has done so under 1581(a). See Ford Motor Co. v. United States, 286 F.3d 1335, 1343 (Fed. Cir. 2002) (finding that Customs abused its discretion in extending the liquidation period when the record showed that the 44 month investigation period contained 36 months of inactivity). This case is therefore dismissed to allow Customs to complete the liquidation process and for Plaintiffs to

Court Nos. 11-00516 and 11-00517                                Page 17

file an administrative protest, should they so choose.[9]

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**. Plaintiffs' complaints are dismissed. Judgment will be entered accordingly.

                                            /s/ Donald C. Pogue
                                        Donald C. Pogue, Chief Judge

Dated: March 20, 2013
       New York, New York

---

[9] Because this case is dismissed pursuant to USCIT Rule 12(b)(1), the court does not reach the Defendant's motion to dismiss under USCIT Rule 12(b)(5).

**SLIP OP 13 - 35**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| CHEMSOL, LLC,<br><br>          Plaintiff,<br><br>               v.<br><br>UNITED STATES,<br><br>          Defendant. | Before: Donald C. Pogue,<br>        Chief Judge<br><br>Court No. 11-00516 |
| MC INTERNATIONAL, LLC,<br><br>          Plaintiff,<br><br>               v.<br><br>UNITED STATES,<br><br>          Defendant. | Court No. 11-00517 |

<u>**JUDGMENT**</u>

This case having been duly submitted for decision; and the court, after due deliberation, having rendered a decision herein; now therefore, it is hereby

**ORDERED** that Defendant's motions to dismiss for lack of subject matter jurisdiction under 28 U.S.C. § 1581(i) are **GRANTED** and Plaintiffs' complaints are **DISMISSED**.

                                          /s/ Donald C. Pogue         
                                       Donald C. Pogue, Chief Judge

Dated: March 20, 2013
       New York, New York